IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| REGAL INTERNATIONAL, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 C 5347 |
| | ) | |
| JANET NAPOLITANO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

On March 16, 2011, plaintiff Regal International, Inc. ("Regal") filed a First Amended Complaint (Dkt. No. 12 ("1st Am. Compl.")) against defendants Janet Napolitano, the Secretary of the Department of Homeland Security; Alejandro Mayorkas, the Director of the Office of U.S. Citizenship and Immigration Services; and Perry Rhew, the Chief of Administrative Appeals of the Office of U.S. Citizenship and Immigration Services (collectively "Defendants"). In the First Amended Complaint, Regal claims that the U.S. Citizenship and Immigration Services's ("USCIS" or "agency") decision to deny Regal's Form I-140 employment-based immigrant visa petition on behalf Santokh Bains ("Bains") was "arbitrary, capricious, and erroneous as a matter of law." (*Id.* ¶ 25.) Pending before the court are Regal's "Motion for Summary Judgment" (Dkt. Nos. 19, 20 ("Regal's Mot.")) as well as Defendants' "Cross Motion for Summary Judgment" (Dkt. No. 25 ("Def.'s Cross Mot.")).[1] For the reasons explained below, Regal's Motion is denied and Defendant's Cross Motion is granted.

---

[1] Regal did not file a reply regarding its Motion or a response to Defendants' Cross Motion.

BACKGROUND[2]

I.      The Parties

Plaintiff Regal is an import/export company that imports consumer goods from India and other parts of South Asia for distribution in the United States. (1st Am. Compl. ¶ 3.) Defendant Janet Napolitano is the Secretary of Homeland Security, a department which includes USCIS (*id.* ¶ 4); defendant Michael Mayorkas is the Director of USCIS (*id.* ¶ 5); and defendant Perry Rhew is the Chief of the Administrative Appeals Office ("AAO") of USCIS (*id.* ¶ 6). Bains is a citizen of India, a prospective employee of Regal, and the prospective beneficiary of Regal's immigrant visa petition. (*Id.* ¶ 2.)

II.     Statutory and Regulatory Background

The Immigration and Nationality Act ("INA") provides for the issuance of a visa to an immigrant alien seeking permanent employment as a professional worker based on a job offer from a United States employer. *See* 8 U.S.C. § 1153(b)(3)(A)(ii). Congress delegated to the Secretary of Homeland Security ("Secretary") the authority to determine whether a specific job opportunity qualifies under the INA to allow for the employment of an immigrant. *See* 8 U.S.C.

---

[2] Neither party has filed a statement setting forth the undisputed facts of this case. Although Defendants filed a "Local Rule 56.1 Statement" (Dkt. No. 27), that statement relates to the procedural posture and relevant legal standards, not the underlying facts; Regal did not file a Local Rule 56.1 Statement of Undisputed Facts. Based on the representations in the parties' briefing, the facts of this case appear to be largely undisputed. Consequently, the court bases its recitation of the background facts on both the Administrative Record ("A.R.") and the allegations contained in Regal's First Amended Complaint.

§ 1103(a)(1). The Secretary then sub-delegated this authority to USCIS.³ *See* 8 C.F.R. § 2.1; DHS Delegation Order No. 0150.1 (Mar. 1, 2003).

Before an employer files a petition with USCIS for the issuance of a visa, the employer first must submit an Application for Permanent Employment Certification with the Department of Labor ("DOL"), also known as a Form ETA-750, that identifies the job opportunity and the employer's minimum job requirements. *See* 20 C.F.R. § 656.21 (2004).⁴ The DOL then must certify that there are not sufficient United States "workers who are able, willing, qualified . . . and available at the time of application for a visa and admission to the United States and at the place where the alien is to perform such . . . labor." 8 U.S.C. § 1182(a)(5)(A)(i)(I). Additionally, the DOL must certify that "the employment of such alien will not adversely affect the wages and working conditions of workers in the United States similarly employed." § 1182(a)(5)(A)(i)(II). If both of these conditions are met, the DOL certifies the Form ETA-750 .

Once the DOL certifies the Form ETA-750, the employer may file an I-140 petition with USCIS seeking to classify the alien beneficiary as an employment-based immigrant. *See* 8 C.F.R. § 204.5(a)-(c). The INA provides that certain allotments of visas are to be issued on a preferential basis to employment-based aliens who qualify under certain special categories. *See* 8 U.S.C. § 1153(b). To qualify under the third preference ("EB-3") "professional" category, the alien beneficiary must possess a baccalaureate degree and be a member of the professions. §

---

³ The Homeland Security Act of 2002 abolished the Immigration and Naturalization Service ("INS"). *See* Pub. Law No. 107-296, § 471 (Nov. 25, 2002). Congress then transferred the adjudication of immigrant visa petitions from the Commissioner of INS to the Director of USCIS. *Id.* at § 451(b)(1).

⁴ This is the former regulation under which Regal filed its labor certification application. The current applicable regulation is now codified at 20 C.F.R. § 656.17.

1153(b)(3)(A)(ii). The relevant federal regulations similarly require that such an EB-3 professional "holds at least a United States baccalaureate degree or a foreign equivalent degree" and be "a member of the professions." 8 C.F.R. § 204.5(l)(3)(ii)(C). If USCIS denies the employer's I-140 petition, the employer may appeal to the AAO. *See* 8 C.F.R. § 204.5(n)(2).

III. Background Facts and Procedural Posture of the Case

On April 24, 2001, Regal filed a Form ETA-750, Application for Alien Employment Certification, with the DOL. (Dkt. No. 10 ("A.R.") at 264.) Regal's application was for an economist position and the application indicated that the position's minimum education requirement was a "Bachelor's degree" with a "Major Field of Study" in "Commerce." (*Id.*) The DOL certified the Form ETA-750 on April 17, 2006. (*Id.*)

Regal then filed a Form I-140, Immigrant Petition for Alien Worker, with USCIS, seeking to classify Bains as an EB-3 professional. (*Id.* at 261.) On January 31, 2007, USCIA requested additional information from Regal documenting, *inter alia*, that Bains met Regal's minimum education requirement of a Bachelor's degree in Commerce. (*Id.* at 259-60.) In response, Regal submitted Bains's diploma from the University of Calcutta for a "Bachelor of Commerce (Three-year Course) with Honours." (*Id.* at 140.) On April 21, 2007, USCIS denied Regal's petition on the grounds that Regal failed to establish that Bains possessed a United States baccalaureate degree, or foreign equivalent, in Commerce. (*Id.* at 137.) USCIS noted that a "United States baccalaureate degree generally requires four years of education." (*Id.* (citing *Matter of Shah*, 17 I&N Dec. 244, 245 (1977)).) Because Bains received his Bachelor's degree

4

after only three years of study, USCIS found that the degree was not a foreign equivalent degree, and therefore denied the petition. (*Id.*)

On May 4, 2007, Regal filed an appeal with the AAO, which is USCIS's Administrative Appeals Office. (*Id*. at 133.) As part of that appeal, Regal submitted evidence that Bains received a Master's degree in Economics from Meerut University in India. (*Id*. at 117-19.) Regal also provided an "Evaluation of Foreign Education and Training" from Joel B. Slocum of Education International, Inc. (*Id*. at 116.) That evaluation stated that Bains's Master's degree was "the equivalent of at least a Bachelor's degree, specialized in Economics, at an accredited institution in the United States." (*Id*.) It further noted that "in some countries a 'Bachelor of Commerce' can be in Economics," but that degrees in Commerce "are not given in the United States." (*Id*.) Regal argued that the AAO should uphold Regal's appeal because Bains's foreign Master's degrees in Economics is "exactly the same field" as Commerce, the field of study that Regal specified on its Form ETA-750. (*Id*. at 112.)

On September 15, 2009, the AAO issued a Request for Evidence addressing some of the ambiguities it found in Regal's documentary evidence. (A.R. 96-99.) Specifically, the AAO found that Regal's ETA-750 form indicated that the minimum educational requirement for the job opportunity was a Bachelor's degree in Commerce. (*Id.* at 99.) The AAO also cited information from the Electronic Database for Global Education ("EDGE"), created by the American Association of Collegiate Registrars and Admissions Officers ("AACRAO"), which stated that Bains's "three-year bachelor of commerce degree represents attainment of a level of education comparable to two to three years of university study in the United States." (*Id.*) EDGE further stated that Bains's Master's degree in Economics was the equivalent of a U.S

5

Bachelor's degree. (*Id.*) In the Request for Evidence, the AAO requested that Regal submit additional evidence of Regal's "intent concerning the actual minimum educational requirements of the position as that intent was explicitly and specifically expressed during the labor certification process." (*Id.*)

On November 30, 2009, Regal submitted additional evidence regarding Regal's original intent as to the actual minimum educational requirements of the job opportunity, including copies of newspaper advertisements and a posting notice prepared as part of Regal's labor certification application. (*Id.* at 84-93.) Regal's recruitment documentation stated that the required degree for the position was a Bachelor's degree in Commerce. (*Id.*)

On May 13, 2010, the AAO dismissed Regal's appeal. (*Id.* at 58-59.) The AAO found, after a review of the record evidence, that Regal intended to require a Bachelor's degree in Commerce. (*Id.* at 58.) Because Bains had the equivalent of a Bachelor's degree in Economics, not Commerce, the AAO concluded that Bains did not meet the minimum educational requirements. (*Id.* at 58-59.) Consequently, the AAO upheld USCIS's denial of Regal's I-140 petition and dismissed Regal's appeal. (*Id.* at 59)

On September 28, 2010, the AAO reopened the proceedings to allow Regal to submit another brief and additional evidence in support of Regal's position. (*Id.* at 49.) Regal then filed a brief arguing that Bains's Bachelor's degree in Commerce and Master's degree in Economics should be combined to qualify as a U.S. Bachelor's degree in Commerce, thereby meeting the minimum educational requirement identified in Regal's Form ETA-750. (*Id.* at 19-23.) Regal also submitted an evaluation from AACRAO which found that Bains's Bachelor's and Master's

degrees "[i]n combination . . . are comparable to a Bachelor of Arts degree in Economics from a regionally-accredited college or university in the United States." (*Id.* at 24-25.)

On January 27, 2011, the AAO again dismissed the appeal, finding that Bains did not have "a single degree that is the 'foreign equivalent degree' to a United States baccalaureate degree" in Commerce as required by the controlling regulation. (*Id.* at 11-12.) Additionally, the AAO explained that Bains's Master's degree in Economics did not qualify as a U.S. Bachelor's degree in Commerce. (*Id.* at 13-15.)

## LEGAL STANDARD

The Administrative Procedure Act ("APA") allows for judicial review of any final agency actions. *See* 5 U.S.C. §§ 702, 704. A court may set aside an agency action only if it finds that action to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). If the agency's decision is "based on a consideration of the relevant factors" and there has been no "clear error of judgment," the decision is not arbitrary and capricious, and the court will not disturb the decision. *Ind. Forest Alliance, Inc. v. U. S. Forest Serv.*, 325 F.3d 851, 858-59 (7th Cir. 2003) (internal quotation marks and citations omitted). The court will uphold the agency's decision as long as "the agency examined the relevant data and articulated a satisfactory explanation for its action including a rational connection between the relevant data and the choice made." *Id*. at 859 (internal quotation marks and citations omitted). "Pursuant to this deferential standard, reviewing courts should not substitute their judgments for those of an agency . . . ." *Id.*

ANALYSIS

Regal argues that the court should set aside the AAO's decision dismissing Regal's petition because the AAO lacked the authority to interpret the term "baccalaureate degree" in 8 U.S.C. § 1153(b)(3)(A)(ii) as generally requiring a four-year degree from a single-source institution. Additionally, according to Regal, the AAO acted arbitrarily and capriciously in denying Regal's petition. The court disagrees.

Regal initially argues that the AAO lacked the discretion to determine whether the term "baccalaureate degree" in 8 U.S.C. § 1153(b)(3)(A)(ii) generally required a four-year degree from a single-source institution. Under 8 U.S.C. § 1153(b)(3)(A)(ii), "professionals" are "[q]ualified immigrants who hold baccalaureate degrees and who are members of the professions." The statute does not explain what type of degree constitutes a "baccalaureate degree." In 1991, the agency implemented regulations defining "professional" in the context of the EB-3 category to mean "a qualified alien who holds at least *a United States baccalaureate degree or a foreign equivalent degree* and who is a member of the professions." 8 C.F.R. § 204.5(l)(2) (emphasis added). The regulation further requires that a petition to qualify as an EB-3 professional "be accompanied by evidence that the alien holds a United States baccalaureate degree or a foreign equivalent degree and by evidence that the alien is a member of the professions." 8 C.F.R. § 204.5(l)(3)(ii)(C). Neither the relevant statute nor the regulations addresses what type of degree constitutes "a baccalaureate degree" or "a foreign equivalent degree," nor do they state whether an alien may use multiple degrees to qualify as a "professional."

The Supreme Court recently reiterated that "[i]n the absence of any unambiguous statute or regulation," the court "defer[s] to an agency's interpretation of its regulations, even in a legal brief, unless the interpretation is 'plainly erroneous or inconsistent with the regulation[s]' or there is any other 'reason to suspect that the interpretation does not reflect the agency's fair and considered judgment on the matter in question.'" *Talk Am., Inc. v. Mich. Bell Tel. Co.*, 131 S. Ct. 2254, 2261 (2011) (quoting *Chase Bank USA, N.A. v. McCoy*, 131 S. Ct. 871, 821 (2011)). Based on the deference afforded to an agency's interpretations of ambiguous statutes and regulations, the court disagrees with Regal's argument that "[t]he AAO does not have the authority or expertise to impose its strained definition of 'baccalaureate' in interpreting that statutory term." (Regal's Mot. 5.)

Moreover, the AAO did not clearly err in interpreting its regulations to require that the "a foreign equivalent degree" of a U.S. baccalaureate degree generally must be a four-year degree from a single institute. In interpreting the relevant regulation, the AAO emphasized that the regulation "uses a singular description of foreign equivalent degree," and ultimately concluded that "the plain meaning of the regulatory language concerning the professional classification sets forth the requirement that a beneficiary must produce one degree that is determined to be the foreign equivalent of a U.S. baccalaureate degree in order to be qualified as a professional for third preference visa category purposes." (A.R. 10-11.) The AAO additionally explained that "[a] United States baccalaureate degree is generally found to require four years of education," (*id.* at 12, 137), which, as Regal admits, is a position that the AAO has held for several years (*see* Regal's Mot. 8 ("The Immigration Service has routinely held that a foreign baccalaureate degree means the completion of four years of undergraduate study at an institute of higher learning."

9

(citing *Matter of Shah*, 17 I&N Dec. 244 (Reg. Comm. 1977)))). The court finds that the AAO's determination is not plainly erroneous nor is it inconsistent with the agency's regulations. *See Talk Am.*, 131 S. Ct. at 2261. Instead, as the Defendants correctly note, "[a]llowing an alien to obtain an employment-based immigration benefit with a 'bachelor's degree' of lower quality than a United States degree would advantage foreign workers over their domestic counterparts." (Defs.' Cross Mot. 12.) Such a policy would violate the INA. *See* 8 U.S.C. § 1182(a)(5)(A)(i).

The court similarly disagrees with Regal that the AAO acted arbitrarily and capriciously in denying Regal's petition. First, based on the AAO's interpretation of the relevant regulations, which generally require that a U.S. baccalaureate degree is four year degree, the AAO found that Bains's three-year Bachelor's degree in Economics from the University of Calcutta was not equivalent to a U.S. Bachelor's degree in Commerce. (Regal's Mot. 4.)[5] The AAO supported this decision by citing the EDGE opinion, which found that Bains's Bachelor's degree was only "comparable to two to three years of university study in the United States." (A.R. 5-6, 99.) Additionally, Regal's expert opinions similarly concluded that Bains's three-years Bachelor's degree, by itself, did not qualify as a U.S. Bachelor's degree. (*Id.* at 24-25, 116.) Consequently, based on the evidence before the AAO, the court finds that the agency did not act arbitrarily and

---

[5] To the extent that Regal argues that this finding by the AAO should be reconsidered in light of the fact that some schools in the United States "have three-year undergraduate programs leading to a bachelor's degree in a field of study" (Regal's Mot. 4), Defendants represent that Regal never advanced this argument before the AAO (Defs.' Cross Mot. 11-12). Regal, by not filing a reply to its motion, has conceded this fact. Because "arguments 'not made before the administrative agency are subsequently waived before the courts,'" *Toledo, Peoria & W. Ry. v. Surface Transp. Bd.*, 462 F.3d 734 (7th Cir. 2006) (quoting *Ester v. Principi*, 250 F.3d 1068, 1072 (7th Cir. 2001)), the court does not reach this argument. Even if the court were to consider this argument, however, it does not warrant setting aside the AAO's decision based on the deference afforded to the AAO.

capriciously in concluding that Bains's three-year Bachelor's degree in Commerce was not the equivalent of a U.S. Bachelor's degree.

The AAO further found that Bains's Master's degree in Economics was not the equivalent to a U.S. Bachelor's degree in Commerce. (*Id*. at 10.) This decision similarly was not arbitrary or capricious. When determining whether an alien is qualified for the employer's job opportunity, the AAO is bound by the employer's actual minimum requirements as stated on the labor certification, *see Hoosier Care, Inc. v. Chertoff*, 482 F.3d 987, 990-91 (7th Cir. 2007). Here, the AAO determined that Regal intended to require a Bachelor's degree in Commerce, and that there were no permissible alternative fields of study stated. (A.R. 58.) The AAO's EDGE assessment found that Bains's Master's degree was the foreign equivalent of a U.S. Bachelor's degree in Economics, not in Commerce. (*Id*. at 5-6, 99.) Similarly, Regal's experts acknowledged that Bains had the equivalent of a Bachelor's degree, specialized in Economics, not Commerce. (*Id*. at 24-25, 116.) Although Regal argued that Economics and Commerce are synonymous fields of study (Regal's Mot. 10), the AAO disagreed and provided a thorough discussion of the differences between the two fields. (A.R. 13-14.) The AAO further explained that although Economics and Commerce have some overlap, "the fact remains that economics and commerce are two separate fields of study, and the record is devoid of evidence to the contrary." (*Id*. at 14.) In sum, the court finds that the AAO showed a "rational connection between the relevant data," in concluding that Economics and Commerce are not equivalent fields. *See Ind. Forest Alliance, Inc.*, 325 F.3d at 859. The AAO, therefore, did not act arbitrarily and capriciously in determining that Bains's Master's degree in Economics did not satisfy the job opportunity's requirement of a Bachelor's degree in Commerce.

Finally, the AAO did not act arbitrarily or capriciously in not combining Bains's Bachelor's and Master's degrees to determine whether he satisfied the definition of a category EB-3 "professional" under 8 C.F.R. § 204.5(l)(2). As discussed above, based on the AAO's interpretations of the relevant regulations, a foreign equivalent of a U.S. Bachelor's degree must be a "single source degree." Here, Bains's Bachelor's and Master's degrees are two separate degrees, and individually, neither satisfies the statutory and regulatory requirements as discussed above. The court has considered Regal's remaining arguments for setting aside the AAO's decision. The court finds that none of those arguments is sufficiently meritorious to set aside the AAO's determination.

## CONCLUSION

For the reasons explained above, Regal International, Inc.'s "Motion for Summary Judgment" (Dkt. Nos. 19, 20) is denied and defendants Janet Napolitano, Alejandro Mayorkas, and Perry Rhew's "Cross Motion for Summary Judgment" (Dkt. No. 25) is granted. Judgement is entered against the plaintiff Regal International, Inc. and in favor of each of the defendants.

ENTER:

*James F. Holderman*

JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: September 29, 2011